IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01970-REB-MEH

BOARD OF TRUSTEES, COLORADO SHEET METAL WORKERS' LOCAL 9 FAMILY HEALTH PLAN,

    Plaintiff,

v.

J & C STAINLESS FABRICATING COMPANY, INC, d/b/a STAINLESS FABRICATING COMPANY, d/b/a STAFAB, a/k/a STAINLESS FABRICATING CO.,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**Blackburn, J**.

The matter before me is plaintiffs' **Amended Motion for Default Judgment and Brief in Support Thereof** [#17], filed March 25, 2008. I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question). I grant the motion.

In its Complaint [#1], filed September 20, 2007, the plaintiff alleges that defendant J&C Stainless Fabricating Company, Inc., d/b/a Stainless Fabricating Company, d/b/a Stafab, a/k/a Stainless Fabricating Company, failed to make contributions to the health plan fund administered by the plaintiff, and that the defendant breached a settlement agreement under which it promised to make such contributions. The plaintiff seeks to recover the payments due from the defendant. In the Complaint, the plaintiff asserts a claim for violation of the Employee Retirement Income Security Act and the Labor Management Relations Act, a claim for breach of a settlement agreement between the parties, and a claim for anticipatory breach of the settlement

agreement. Service was made on the defendant on December 14, 2007, and a return of service [#5] was filed on December 18, 2007. The defendant failed to answer or otherwise respond to the Complaint, and on March 3, 2008, the clerk entered the default [#14] of the defendant. The plaintiff seeks the entry of a default judgment against the plaintiff, ostensibly under Fed. R. Civ. P. 55(b)(2).

Having defaulted, the defendant necessarily has admitted the truth of the averments of fact pled in the complaint other than those relating to damages. **See FED.R.CIV.P**. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, **Federal Practice and Procedure** § 2688 at 58-59 (3rd ed. 1998). The averments of fact in the Complaint are sufficient to establish the elements of each of the three claims for relief asserted by the plaintiff.

The plaintiff (the Fund) is a multi-employer, jointly administered labor-management employee benefit plan created and maintained pursuant to Section 302(c)(5) of the LMRA, 20 U.S.C. §186(c)(5). The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and an employee welfare benefit plan within the meaning of Sections 3(1) and 3(2) of ERISA, 29 U.S.C. § 1002(1) and (2), maintained for the purpose of providing medical and related benefits to eligible participants and their beneficiaries. (Complaint ¶ 5). The defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§152(2), (6) and (7). (Complaint ¶ 8). At all relevant times, the Sheet Metal Workers' International Association Local Union No. 9 ("Local 9") has been the exclusive collective bargaining agent for a unit of Defendant's sheet metal

employees at its Denver, Colorado, location. (Complaint ¶ 10).

At all relevant times, the defendant was a party to a series of collective bargaining agreements ("CBAs") with Local 9 effective through February 18, 2009. (Complaint ¶ 11). The CBAs require the defendant to contribute to the Fund monthly at a specified rate for each compensable hour worked for all of its employees covered by the Agreement. (Complaint ¶ 13). Article 18, Section 4, of the CBAs provides that contributions to the Fund are due no later than the twentieth (20th) day of each month following the month in which the covered work is performed. (Complaint ¶ 14). Article 18, Section 4, of the CBAs provides that the Defendant is bound to the provisions of the Agreement and Declaration of Trust of the Fund (the "Trust Agreement"), which is incorporated by reference into the CBAs. (Complaint ¶ 15). The Trust Agreement provides that an employer shall submit complete remittance reports to the Fund with the employer's contributions, listing the name of each covered employee and the number of compensable hours worked by each covered employee during the reporting month. The information is necessary in order for the Fund to credit each employee with the appropriate amount of hours for purposes of eligibility for benefits and to verify that the employer has remitted the appropriate amount of contributions for the reported hours. Because contributing employers themselves calculate and prepare monthly remittance reports, the Fund must rely, in the first instance, on the honesty and accuracy of the employers in reporting hours worked and paid and in reporting the contributions owed on behalf of their employees. (Complaint ¶ 16).

At all relevant times, the Collection Policy of the Fund, adopted by the Trustees pursuant to their authority under the Trust Agreement, has provided that an employer's monthly contribution is delinquent if the completed remittance report and accompanying

3

payment due the Fund is received by the Fund after the twentieth (20th) day of the month following the month in which the covered work is performed. (Complaint ¶ 17). At all relevant times, the Collection Policy of the Fund provided that an employer delinquent in its monthly contributions to the Fund is liable for: interest at the rate of ten percent (10%) per annum, liquidated damages at the rate of twenty percent (20%) per annum, and attorneys' fees and costs. (Complaint ¶ 18).

The defendant failed to pay contributions owed to the Fund for the month of July 2007, plus accrued interest and liquidated damages. (Complaint ¶ 21). The defendant's failure to remit the required contributions, accrued interest and liquidated damages, is a breach of its obligations under the CBAs, the Trust Agreement, the Collection Policy, and is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). (Complaint ¶ 23). Under Sections 515 and 502(g) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), the defendant is obligated to the Fund to pay the full amount of its delinquent contributions under the terms of the CBAs, the Trust Agreement and Collection Policy, plus interest and liquidated damages. (Complaint ¶ 24). Under Sections 515 and 502(g) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), the defendant also is obligated to the Fund to pay plaintiff's reasonable attorney's fees and costs in this action. (Complaint ¶ 25).

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A) the unpaid contributions,

4

(B) interest on the unpaid contributions,
(C) an amount equal to the greater of:
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) Such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

The defendant did not submit the required remittance report for the month of July, 2007, and appears to have gone out of business sometime thereafter. Therefore, based on the remittance report submitted by Defendant for the prior month (June, 2007), the Fund estimates Defendant's contribution liability for July, 2007, to be $4,374.16, plus interest in the amount of $280.69, and liquidated damages in the amount of $961.98. These amounts are substantiated in a signed Declaration and supporting documentation from Mary Martin, Fund Administrator, which is attached to the plaintiff's *Amended Motion for Default Judgment and Brief in Support Thereof* [#17], filed March 25, 2008, as Exhibit D.

On April 4, 2007, the plaintiff and the defendant entered into a Confidential Settlement Agreement ("Settlement Agreement") in settlement of Case No. 06-cv-01919-WDM in the United States District Court for the District of Colorado (the "Lawsuit"). A copy of the Settlement Agreement is attached to the Compliant as Exhibit A. (Complaint ¶ 28). In the Settlement Agreement, Stainless agreed to pay a total of $70,000.00 for contributions owed through March 31, 2007, by making monthly installment payments of $5,833.33 per month over a period of twelve months, beginning

January 1, 2008, with the final payment due on December 1, 2008. (Complaint ¶ 32). In the Settlement Agreement, the defendant agreed also to pay and remain current on all monthly contributions owed to the Fund in accordance with the Collective Bargaining Agreement. (Complaint ¶ 33). Under the Settlement Agreement, failure timely to make any of the above described payments constitutes a default. Under the Settlement Agreement, the Fund is entitled to a consent judgment for the total amount claimed in the Lawsuit of $239,484.27 if Stainless fails to cure its default within ten days after receiving written notice of a default. (Complaint ¶ 34).

Again, the defendant failed to pay its monthly contribution for July, 2007, which was due to the Fund by August 20, 2007. (Complaint ¶ 35). On September 4, 2007, Plaintiff sent a Notice of Default to Stainless pursuant to the terms of the Agreement. (Complaint ¶ 36). On September 5, 2007, the Notice of Default was delivered by UPS Next Day Air to the defendant at the address specified in the Settlement Agreement. However, the delivery was not signed for because Defendant was apparently no longer at that address and left no forwarding address. (Complaint ¶ 37). Defendant failed to cure its default within ten days of delivery of the Notice of Default to the address specified in the Settlement Agreement. (Complaint ¶ 38). The plaintiff therefore is entitled to judgment against Defendant in the amount of $239,484.27.

The plaintiff has incurred reasonable attorneys' fees in the amount of $5,301.00 and costs in the amount of $2,012.03 in this action. These amounts are documented in Exhibits B and C, attached to the plaintiff's **Amended Motion for Default Judgment and Brief in Support Thereof** [#17] filed March 25, 2008.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Amended Motion for Default Judgment and Brief in**

6

**Support Thereof** [#17] filed March 25, 2008, is **GRANTED**;

    2. That pursuant to Fed. R. Civ. P. 55(b)(2) **JUDGMENT SHALL ENTER** for plaintiff, Board of Trustees, Colorado Sheet Metal Workers' Local 9 Family Health Plan, and against defendant, J & C Stainless Fabricating Company, Inc, D/b/a Stainless Fabricating Company, D/b/a Stafab, A/k/a Stainless Fabricating Co., as to all claims for relief and causes of action;

    3. That plaintiff is **AWARDED** damages in the following amounts:

        A. $239,484.27 for contributions owed through March 31, 2007;

        B. Unpaid contributions in the amount of $4,809.90 for July, 2007;

        C. Interest on unpaid contributions in the amount of $280.69;

        D. Liquidated damages in the amount of $961.98;

        E. Reasonable attorney fees in the amount of $5,301.00, and;

        F. Costs in the amount of $2,012.03;

    4. That based on the amounts listed in paragraph three (3), above, the total amount of damages **AWARDED** to the plaintiff is $252,849.87; and

    5. That plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the Court in the time and manner required by Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated February 6, 2009, at Denver, Colorado.

                                              **BY THE COURT:**

                                              */s/ Robert E. Blackburn*
                                              Robert E. Blackburn
                                              United States District Judge